Case 2:16-cr-00171   Document 18   Filed in TXSD on 08/17/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:16-CR-171 |
| | § | (CIVIL ACTION NO. 16-CV-348) |
| RAFAEL RIOS MARROQUIN | § | |

## ORDER DISMISSING § 2255 NOTICE WITHOUT PREJUDICE

Rafael Rios Marroquin filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 17. The motion to vacate is dismissed without prejudice.

Marroquin was sentenced on March 10, 2016, to 8 months in the Bureau of Prisons after his plea of true to violation of his supervised release. Judgment was entered on the docket on March 11, 2016. D.E. 10. His counsel filed a notice of appeal and his appeal is still pending in Fifth Circuit Court of Appeals. His motion to vacate must therefore be dismissed.

"A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972); *see also United States v. Zuniga-Salinas*, 945 F.2d 1302, 1306 n. 1 (5th Cir. 1991) (district court correctly dismissed collateral attack on conviction pending the outcome of defendant's direct appeal).

After his appeal is concluded, if he desires to do so, Marroquin may file a motion to vacate, set-aside or correct sentence but must do so within the time constraints of 28 U.S.C. § 2255(f).[1]

---

[1] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

Accordingly, this Court DISMISSES Marroquin's motion pursuant to 28 U.S.C. § 2255 (D.E. 17, Cause No. 2:16-CV-348) without prejudice to refiling after his appeal is concluded. Marroquin is also advised that if he wishes to pursue a motion to vacate as to his most recent conviction for illegal reentry, in addition to the revocation of his supervised release, he must file separate motions in each case.

SIGNED and ORDERED this 17th day of August, 2016.

_____
Janis Graham Jack
Senior United States District Judge

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).